**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CATIA MARCELA MAZARIEGO;
JUSTIN ANDRES MAZARIEGO
GOMEZ; ROYCE ALBERTO DIAZ
MAZARIEGO,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   19-72792

Agency Nos.        A088-383-602
                   A208-881-556
                   A208-881-557

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2021[**]
Pasadena, California

Before:  BYBEE and BRESS, Circuit Judges, and CARDONE,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

Petitioner Catia Marcela Mazariego (Mazariego) and her two minor sons, natives and citizens of El Salvador, petition for review of the decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge (IJ)'s denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Because the parties are familiar with the facts, we will not recite them here. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review "denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (citation and quotation marks omitted). Under this standard, the agency determination must be upheld "unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We review due process claims in removal proceedings de novo. *Oshodi v. Holder*, 729 F.3d 883, 889 (9th Cir. 2013) (en banc).

1. The IJ did not deprive Mazariego of her due process right to a full and fair hearing. We will grant a petition on due process grounds "if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (citation and quotation

marks omitted). To prevail on a due process claim, however, "an alien [must] show prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Id.* (citation omitted).

To begin, Mazariego cannot show that the proceeding was fundamentally unfair. Unlike in *Colmenar*, where the IJ essentially prevented the petitioner from testifying, *id.*, the IJ here was trying to elicit *more* testimony from Mazariego. Nor does the record support Mazariego's claim that the IJ's comments forced her attorney to "curtail his examination"; rather, the record shows that the IJ simply refused to hear repetitive testimony. In a similar vein, Mazariego has not shown that "the IJ had a deep-seated favoritism or antagonism that would make fair judgment impossible." *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007) (citation omitted). Although, at worst, the IJ's comments evince impatience, the IJ's decision ultimately considered all issues and does "not reflect any bias or animosity toward [Mazariego]." *Id.*

Further, even were we to assume the IJ violated Mazariego's due process rights, Mazariego has failed to show the requisite prejudice. *See Colmenar*, 210 F.3d at 971. Although Mazariego claims generally that her "ability to establish why she feared returning was significantly curtailed," she does not elaborate on what testimony she would have provided absent the IJ's behavior. *See Oshodi*, 729

3

F.3d at 890 ("[T]he critical question is whether the IJ's actions prevented the introduction of significant testimony." (cleaned up)). Indeed, Mazariego testified in detail about her alleged persecution by the gang. The record also does not support Mazariego's claim that her counsel was prevented from arguing that she was a member of a particular social group of "Salvadoran women." The IJ asked Mazariego's counsel what the proposed social group was twice, and Mazariego's counsel responded both times that the proposed social group was her family. Thus, Mazariego was not deprived of a full and fair hearing.

2.     Substantial evidence supports the BIA's conclusion that Mazariego was not targeted in the past and would not be targeted in the future on account of her family membership. To be eligible for asylum, Mazariego must establish a nexus between her past or feared harm and a protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017). The BIA determined that the gang's attempts to extort Mazariego and one gang member's statement that, "If I had my mom [in the USA], that I could get the money" are more indicative of financial motive than personal animosity or a vendetta against her family. Mazariego offers no evidence to the contrary. Rather, she testified during her hearing that she did not know why the gang members targeted her. Moreover, she acknowledged in her written asylum application that the gang was likely financially motivated. The record thus

4

does not compel a finding that Mazariego was targeted on account of her family membership.

3.    Because Mazariego raised the issue for the first time on appeal, the BIA did not err when it declined to consider Mazariego's claim to membership in the proposed social group of "Salvadoran women." As discussed, the record does not support Mazariego's argument that the IJ prevented her from claiming membership in this proposed social group at her hearing. And we have clearly held that the BIA does not err when it declines to consider proposed particular social groups raised for the first time on appeal. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam).

**PETITION DENIED.**